# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Pierce Leon Harrison, | ) | Cr. No. 1:06-193 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pierce Leon Harrison ("Petitioner"), a pro se prisoner, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner is presently in custody of the Federal Bureau of Prisons, pursuant to a commitment order from the United States District Court for the District of South Carolina. Petitioner filed the within § 2255 motion on June 4, 2008. The United States of America ("Respondent") filed a motion for summary judgment on September 5, 2008. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on September 16, 2008, advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. On December 31, 2008, Petitioner filed a reply in opposition to Respondent's motion for summary judgment. On March 2, 2009, Petitioner filed a supplemental reply to Respondent's motion for summary judgment. On September 2, 2009, Petitioner filed a type-written version of his original reply to Respondent's summary judgment motion.

## I. FACTS

Petitioner was one of three defendants named in an eight count Indictment ("Indictment") with forfeiture allegations filed on February 23, 2006. Petitioner was named in Counts One, Four, Five, Six and Seven. Count One of the Indictment charged that on or about July 14, 2005 and

continuing thereafter, Petitioner engaged in a conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count Four charged Petitioner with possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. Count Five charged Petitioner with possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Six charged Petitioner with being a felon in possession of a firearm transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Seven charged Petitioner with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Robert L. Hallman, Jr. ("Hallman") was appointed to defend Petitioner. On October 27, 2006, Petitioner entered into a plea agreement. On October 31, 2006, the court held a change of plea hearing and Petitioner pleaded guilty to Counts One and Seven of the Indictment. During the plea colloquy, the court asked Petitioner whether he understood that he had a right to plea not guilty. Entry 201 at 49:13-14. Petitioner stated that he understood. Entry 201 at 15. The court also asked Petitioner if he understood that in pleading guilty, he was admitting to the truth of the charges against him. Entry 201 at 49:25-50:2. Petitioner stated that he understood. Entry 201 at 50:3. The court made a finding on the record at the end of the plea colloquy that Petitioner's guilty plea was knowing and voluntary. Entry 201 at 56:13-17.

On May 24, 2007, a presentence report (PSR) was prepared. The PSR attributed to Petitioner an Iberia Model JCP .40 caliber pistol, and 61.22 grams of crack and 0.1092 grams of marijuana. On August 3, 2007, the court held a sentencing hearing. At the hearing, the court denied a motion by Petitioner for new counsel and granted Petitioner a continuance of the hearing. On August 15,

2007, Petitioner filed a pro se motion to withdraw his guilty plea. On August 29, 2007, the court held another sentencing hearing at which Petitioner again requested new counsel. The court granted Petitioner's motion for new counsel and continued the sentencing hearing.

On August 31, 2007, Lowell E. Bernstein ("Bernstein") was appointed to defend Petitioner. On November 26, 2007, the court held a hearing on Petitioner's motion to withdraw his guilty plea, which motion was denied. The court again continued Petitioner's sentencing. On December 13, 2007, the court held a sentencing hearing. At the hearing, Petitioner received a three offense level reduction for acceptance of responsibility. Entry 202 at 20:1-3; 21:11-16. When Petitioner addressed the court as to the sentence to be imposed in his case, Petitioner stated: "I own up to everything I did." Entry 202 at 25:7-9. The court found Petitioner responsible for 857.19 kilograms of marijuana equivalent. Petitioner was sentenced to 180 months imprisonment, consisting of 120 months as to Count One and 60 months as to Count Seven, to run consecutively. Petitioner also received five years of supervised release on each count, to run concurrently.

On January 30, 2008, Petitioner wrote a letter to the clerk of court stating:

> I'm writing in concern to my appeal rights, I don't know if my lawyer file[d] for my appeal. I have tried contacting him at his office by phone and mail. I was sentenced Dec. 13, 2007 and ha[ve] been tr[y]ing to touch basic [sic] with my lawyer since then. Maybe because I was in transit we were unable to speak with each other. But [d]ue to the lack of communication [b]etween me and Mr. Lowell Bernstein[,] I trying to make sure that my appeal was filed by my lawyer, an[d] if not, this may serve as my notice for an appeal.

On February 20, 2008, Petitioner noticed his appeal. On May 8, 2008, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal as untimely pursuant to Fed. R. App. P. 41.

## II. SUMMARY JUDGMENT STANDARD

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Tr. of Maryland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992).

III. DISCUSSION

Movant contends that his conviction was obtained and his sentence imposed in violation of his right to effective assistance of counsel. Petitioner contends that trial counsel Robert L. Hallman and Lowell E. Bernstein provided him with ineffective assistance of counsel because: 1) Bernstein failed to file a notice of appeal despite Petitioner's request that one be filed; 2) Hallman failed to move for the dismissal of the "duplicit[ous]" indictment when "Count Seven allege[d] multiple offenses from the same statute in the same count," which is "impermissible" (Entry 191 at 5); 3) Hallman and Bernstein failed to assert Petitioner's innocence of Count Seven when the firearm in "Count Seven was registered and owned by a party whom would testify that Petitioner had no knowledge of its presence in the vicinity of any drugs during the commission of this offense. Counsel was aware of these facts, but failed to assert them to the court" (Entry 191 at 5).

To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. There is a strong presumption that defense counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. *Id.* at 688-89.

Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. *Strickland* requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *See id.* at 690. The court then must "determine whether, in light of all the

circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694. Moreover, when challenging a guilty plea premised on ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and that, but for counsel's errors, the defendant would not have pleaded guilty, and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

A.  <u>Failure to File Appeal</u>

Petitioner contends that Bernstein was ineffective for failing to file an appeal as Petitioner requested. An attorney who fails to file an appeal after being instructed to do so by his client is per se ineffective. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000); *see also United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).

A factual dispute exists as to whether Petitioner indicated that he wanted Bernstein to file an appeal on his behalf. Petitioner states in his affidavit that "immediately before sentencing and before leaving the courthouse, [he] instructed Attorney Bernstein to file a notice of appeal." Entry 230-1 at 2. Petitioner contends that after his sentencing, he "immediately placed counsel on notice that he was displeased with the process used to determine his sentence." Entry 191-1 at 5. Petitioner contends that counsel assured him that "his concerns would be addressed by the Court of [A]ppeals," but that no appeal was ever filed. Entry 191-1 at 5, 6. In his affidavit responding to Petitioner's allegations, Bernstein states that he never filed a notice of intent to appeal in Petitioner's case because Petitioner never communicated such a request to Bernstein within the ten days following his sentence. Bernstein Aff. ¶ 4. Bernstein further states that he never told Petitioner that he would

6

file an appeal for him, but indicates that he would have done so if Petitioner had instructed him to file an appeal. Bernstein Aff. ¶ 4.

"[I]t is not *per se* error for a district court to make credibility determinations on the basis of conflicting affidavits." *United States v. Santana*, 263 F. App'x 334, 335 (4th Cir. 2008) (citing *Strong v. Johnson*, 495 F.3d 134, 139-40 (4th Cir. 2007)). However, "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, [a] district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." *Id.* (citing *United States v. Poindexter*, 492 F.3d 263, 272 (4th Cir. 2007). The court concludes that in this case the record as to whether Petitioner requested an appeal is insufficiently clear to permit resolution of the issue without an evidentiary hearing.

B.    Failure to Seek the Dismissal of Count Seven

Petitioner contends that Hallman was ineffective for failing to recognize that Count Seven was duplicitous, requiring its dismissal. The court disagrees.

"[D]uplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Burns*, 990 F.2d 1426, 1428 (4th Cir. 1993) (internal quotation marks omitted). A duplicitous count is not to be dismissed unless it causes prejudice to the defendant. *United States v. Kamalu*, 298 F. App'x 251, 254 (4th Cir. 2008) (citing *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001)). In 2008, the Fourth Circuit has found that 18 U.S.C. § 194(c) creates two distinct offenses: "use and carry" and "possession." *United States v. Woods*, 271 F. App'x 338, 343 (4th Cir. 2008).

Count Seven of the Indictment states:

> That on or about November 10, 2005, in the District of South Carolina, the defendant, Pierce Leon Harrison, knowingly did use and carry a firearm, that is, an Iberia model JCP .40 caliber semi-autmatic pistol, serial number 717979, during and in relation to, and did possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States in violation of Title 18, United States Code, Section 924(c)(1)(A).

Entry 2 at 4.

The court finds that counsel was not deficient for failing to recognize prior to Petitioner's guilty plea on October 31, 2006 that Count Seven was duplicitous because at that time, it had not yet been established that § 924(c) created two distinct offenses. *See United States v. Mingo*, 237 F. App'x 860, 264 (4th Cir. 2007) ("We have not yet decided, as have other courts, whether § 924(c) defines two distinct offenses."). Petitioner is thus, not entitled to relief on this ground.

C. <u>Failure to Assert Petitioner's Innocence to Count Seven</u>

Petitioner contends that both of his counsel were ineffective for failing to assert his innocence of Count Seven given that: "[t]he record is clear that [the] firearm belonged to a guest at Petitioner's residence whom was lawfully allowed to possess it. Petitioner had no prior knowledge that the weapon was located at the premises, [and] alerted counsel to such information." Entry 191-1 at 8.

"A knowing and voluntary guilty plea conclusively establishes the elements of the offense and the material facts necessary to support the conviction, and constitutes a waiver of all nonjurisdictional defects, such as claims of actual innocence." *United States v. Dungee*, 228 F. App'x 298, 303 (4th Cir. 2007)(citing *United States v. Willis*, 992 F.2d 489, 490 (4th Cir.1993); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

In pleading guilty, Petitioner waived the right to claim actual innocence of this offense. Moreover, at the plea colloquy, Petitioner indicated that he understood that he was admitting to the

8

truth of the charges against him in pleading guilty. Petitioner cannot now, after admitting to the conduct charged in Count Seven, assert an ineffective assistance of counsel claim based upon counsel's failure to assert his innocence. It is not deficient for counsel to fail to allege a client's innocence when the client has admitted his own guilt. Therefore, the court finds that neither of Petitioner's attorneys were deficient in failing to argue that Petitioner was innocent of Count Seven.

## IV. CONCLUSION

Based upon the foregoing, Respondent's motion for summary judgment is **granted** with respect to Petitioner's ineffective assistance claims relating to Count Seven of the Indictment. With respect to defense counsel's alleged failure to file an appeal, the court holds in abeyance a ruling on this issue pending an evidentiary hearing. The court will hold an evidentiary hearing in accordance with Rule 8 of the Rules Governing § 2255 Proceedings to determine whether Petitioner indicated to defense counsel that he wanted an appeal filed on his behalf. Counsel shall be appointed under 18 U.S.C. § 3006A, as provided by Rule 8. A notice of hearing will be issued from the Office of the Clerk of Court.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

June 22, 2010
Columbia, South Carolina