## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| Pierce Leon Harrison, | ) | Cr. No. 1:06-193-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pierce Leon Harrison ("Petitioner"), a pro se prisoner, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner is presently in custody of the Federal Bureau of Prisons, pursuant to a commitment order from the United States District Court for the District of South Carolina. Petitioner filed the within § 2255 motion on June 4, 2008. The government filed a motion for summary judgment on September 5, 2008. On June 22, 2010, the court issued an order granting summary judgment with respect to Petitioner's ineffective assistance of counsel claims relating to Count Seven of the Indictment and holding in abeyance a ruling on defense counsel's alleged failure to file an appeal pending an evidentiary hearing. This case is before the court on Petitioner's motion to amend his petition, which was filed on July 6, 2010. The government has not responded to this motion.

## FACTS

Petitioner was one of three defendants named in an eight count Indictment ("Indictment") with forfeiture allegations filed on February 23, 2006. Petitioner was named in Counts One, Four, Five, Six and Seven. Count One of the Indictment charged that on or about July 14, 2005 and continuing thereafter, Petitioner engaged in a conspiracy to possess with intent to distribute and to

distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count Four charged Petitioner with possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. Count Five charged Petitioner with possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Six charged Petitioner with being a felon in possession of a firearm transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Seven charged Petitioner with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Robert L. Hallman, Jr. ("Hallman") was appointed to defend Petitioner. On October 27, 2006, Petitioner entered into a plea agreement. On October 31, 2006, the court held a change of plea hearing and Petitioner pleaded guilty to Counts One and Seven of the Indictment. During the plea colloquy, the court asked Petitioner whether he understood that he had a right to plead not guilty. Entry 201 at 49:13-14. Petitioner stated that he understood. Entry 201 at 15. The court also asked Petitioner if he understood that in pleading guilty, he was admitting to the truth of the charges against him. Entry 201 at 49:25-50:2. Petitioner stated that he understood. Entry 201 at 50:3. The court made a finding on the record at the end of the plea colloquy that Petitioner's guilty plea was knowing and voluntary. Entry 201 at 56:13-17.

On May 24, 2007, a presentence report (PSR) was prepared. The PSR attributed to Petitioner an Iberia Model JCP .40 caliber pistol, and 61.22 grams of crack and 0.1092 grams of marijuana. On August 3, 2007, the court held a sentencing hearing. At the hearing, the court denied a motion by Petitioner for new counsel and granted Petitioner a continuance of the hearing. On August 15, 2007, Petitioner filed a pro se motion to withdraw his guilty plea. On August 29, 2007, the court

held another sentencing hearing at which Petitioner again requested new counsel. The court granted Petitioner's motion for new counsel and continued the sentencing hearing.

On August 31, 2007, Lowell E. Bernstein ("Bernstein") was appointed to defend Petitioner. On November 26, 2007, the court held a hearing on Petitioner's motion to withdraw his guilty plea, which motion was denied. The court again continued Petitioner's sentencing. On December 13, 2007, the court held a sentencing hearing. At the hearing, Petitioner received a three offense level reduction for acceptance of responsibility. Entry 202 at 20:1-3; 21:11-16. When Petitioner addressed the court as to the sentence to be imposed in his case, Petitioner stated: "I own up to everything I did." Entry 202 at 25:7-9. The court found Petitioner responsible for 857.19 kilograms of marijuana equivalent. Petitioner was sentenced to 180 months imprisonment, consisting of 120 months as to Count One and 60 months as to Count Seven, to run consecutively. Petitioner also received five years of supervised release on each count, to run concurrently.

On January 30, 2008, Petitioner wrote a letter to the clerk of court stating:

I'm writing in concern to my appeal rights, I don't know if my lawyer file[d] for my appeal. I have tried contacting him at his office by phone and mail. I was sentenced Dec. 13, 2007 and ha[ve] been tr[y]ing to touch basic [sic] with my lawyer since then. Maybe because I was in transit we were unable to speak with each other. But [d]ue to the lack of communication [b]etween me and Mr. Lowell Bernstein[,] I trying to make sure that my appeal was filed by my lawyer, an[d] if not, this may serve as my notice for an appeal.

On February 20, 2008, Petitioner noticed his appeal. On May 8, 2008, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal as untimely pursuant to Fed. R. App. P. 41.

## DISCUSSION

Petitioner seeks to amend his petition to clarify his claims. When a party seeks to amend its

pleading subsequent to the time during which a party can amend its pleading as a matter of course, Federal Rule of Civil Procedure 15(a) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Foster v. Wintergreen Real Estate, Co.*, No. 08-2356, 2010 WL 325959, at *6 (4th Cir. 2010).

Petitioner seeks to amend his petition with regard to Count Seven to encompass a claim that counsel was ineffective for failing to raise the claim that Count Seven was duplicitous on appeal and failing to properly preserve this claim at trial. Petitioner contends that counsel should have been able to reasonably forecast that the Fourth Circuit would rule in 2008 that 18 U.S.C. § 924(c) creates two distinct offenses: "use and carry" and "possession." Petitioner indicates that counsel's failure to foresee this change in the law constitutes ineffective assistance of counsel.

The Fourth Circuit has made clear that "an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). As the court noted in its June 22, 2010 order, counsel was not deficient for failing to recognize prior to Petitioner's guilty plea in 2006 that § 924(c) created two distinct offenses when this rule of law was not established in the Fourth Circuit until 2008. *See United States v. Mingo*, 237 F. App'x 860, 264 (4th Cir. 2007) ("We have not yet decided, as have other courts, whether § 924(c) defines two distinct offenses."); *United States v. Woods*, 271 F. App'x 338, 343 (4th Cir. 2008) (finding that 18 U.S.C. § 924(c) creates two distinct offenses: "use and carry" and "possession"). Petitioner's proposed amendment with regard to Count Seven would be futile and therefore leave

to amend on this ground is denied.

Petitioner also seeks to amend his petition to claim that counsel was ineffective for failing to appeal the imposition of a consecutive sentence in his case. The court finds that Petitioner's proposed amendment with regard to his consecutive sentence would also be futile. Petitioner pleaded guilty to Count Seven, a violation of § 924(c)(1)(A). Section 924(c)(1)(A) requires that any sentence imposed under that section be in addition to the punishment provided for the related drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). Thus, a consecutive sentence was statutorily required. Counsel cannot be ineffective for failing to appeal a consecutive sentence that is required by statute. *See United States v. Anthony*, 149 F. App'x 135, 136 (4th Cir. 2005) (counsel is not ineffective for failing to assert a meritless objection). Therefore, leave to add this claim to the petition is denied.

## CONCLUSION

Because both of Petitioner's proposed amendments to his petition would be futile, the court denies Petitioner's motion to amend his petition (Entry 247).

**IT IS SO ORDERED**

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
August 16, 2010

5